JUANA RIVERA, widow of TORRES, in her own right and as mother with patria potestas over her daughter ELADIA TORRES RIVERA, petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, etc., defendant and ROSA HERMIDA, as mother with patria potestas over her minor children JOSÉ ABRAHAM and NELSON HERMIDA, respondents.

No. 175.   Argued November 6, 1939.—Decided January 16, 1940.

*Virgilio Brunet,* for petitioner; *M. León Parra,* for defendant; P. *Baigés Gómez,* for Mrs. Hermida, respondent.

MR. CHIEF JUSTICE DEL TORO delievered the opinion of the Court.

Juana Rivera, widow of Torres, *per se* and as mother with *patria potestas* over her daughter Eladia Monserrate Torres Rivera, filed this petition for review against the Industrial Commission of Puerto Rico and Rosa Hermida as mother with *patria potestas* over her minor children José Abraham and Nelson Hermida.   She alleged in synthesis:

That on May 8, 1939, the Commission declared the widow of the workman José Abraham Torres, the petitioner herein, her legitimate daughter Eladia Monserrate and the alleged

adulterous children of the workman, José Abraham and Nelson Hermida, his beneficiaries and awarded each a fourth part of the compensation;

That within ten days, the petitioner requested the Commission to reconsider its order and this was denied on June 12, 1939;

That the facts in the case which are not in conflict occurred in the following manner:

The workman José Abraham Torres had an accident in his work which caused his death on October 23, 1935. The employer did not report the accident. A claim was made by his widow on April 3, 1936, before the Manager of the State Insurance Fund who declared said widow and the legitimate child which she had with the workman his beneficiaries and awarded them in equal parts a compensation of $1,386.62.

That neither the mother of the adulterous children nor they themselves filed a claim, it being the mother of the dead workman who in June 29, 1937, addressed herself to the Manager who denied her petition, and that then said mother presented a claim to the Commission and a hearing was ordered, which was had on May 18, 1939, following which it was decided that half of the compensation awarded should be paid to the adulterous children.

After stating these facts, the petitioner alleged that the decision of the Commission is contrary to law.

1, because the Commission erroneously applied Section 6, Paragraph 9, Subdivision (b) of Act No. 45 of 1935 ((1), 250), since a disagreement between the Manager and the beneficiaries was not involved, but instead a disagreement between the beneficiaries declared by the Manager and the mother of the workman, notwithstanding which, the Commission without deciding the right of the mother-claimant, proceeded to recognize the right of the supposed adulterous children who had claimed nothing;

2, because as the claim of the mother of the workman was filed on November 5, 1937, that is, more than a year

after the death of her son, her right had prescribed according to Section 8 of Act No. 102 of 1925 (page 904);

3, because the Commission wrongfully applied Section 40 of the Code of Civil Procedure, as the only claim filed before it did not give it jurisdiction over said adulterous children, and

4, because the *quasi tutelar* authority invoked by the Commission could not have been exercised in favor of persons who had claimed nothing and who did not have the status of beneficiaries before the Commission.

The hearing of the petition was set for last November 6 and only the petitioner appeared represented by her attorney, the case being thus submitted for judgment.

■■ On examining the original documents remitted to this Court, we find among them a letter addressed by the Assistant Manager of the State Insurance Fund to the chief of the claims division dated August 19, 1937, which says:

"In the present case one of the parties affected, that is, Eulalia Martínez, mother of the deceased workman, within thirty days of being notified, notifies us of the existence of two children of the deceased workman who have been omitted in the declaration of beneficiaries. The facts are attached to her letter.

"An investigation should be made as soon as possible to clear up these matters."

Among said documentation, there is also the record of the investigation made and the report of the investigator. From the latter, we think it necessary to copy the following parts:

"That Eulalia Martínez, the mother of the workman José Abraham Torres declares:

"That she is the mother of the deceased workman José Abraham Torres and that she lived with him and his concubine Rosa Hermida until he died. That her son was married to Juana Rivera but that he had been separated from her for some time. That during the time that her son José Abraham Torres lived with Rosa Hermida, he had two children by her called José Abraham and Nelson, who are now six and five years old respectively; that she was present at

the birth of these children and that she also knows that José Abraham Torres went to the civil registry to record said children. That these children received everything that they needed from their father José Abraham Torres. That when her son was injured, the woman who attended him in the hospital was Rosa Hermida and it was she who really acted as his wife.

''  *           *           *           *           *           *           *  .

''That as will be seen, the child Juan Abraham Torres, born on January 25, 1932, according to the certificate of birth attached was recorded by José Abraham Torres as a son of his and Juana Rivera.

''That from the investigation made it appears clearly not only from the testimony of Juana Rivera herself but from that of Rosa Hermida, that the boy was not the son of the first but of Rosa Hermida. That from the certificate of birth which is also included, it appears that Nelson was recorded by Rosa Cándida Hermida Binnet, without mentioning his father, it appearing from this investigation that Juan Abraham, as well as Nelson are children of Rosa Hermida, the first of José Abraham Torres and the second of an unknown father according to the certificate of birth, but according to the testimony given in this case both are children of Rosá Hermida and were supported by José Abraham Torres.''

Under this state of affairs, the Manager of the State Insurance Fund again took the case under consideration and decided:

''This case was decided on June 17, 1937, by the Manager of the State Insurance Fund, declaring as beneficiaries of the deceased workman h's widow Juana Rivera Torres and her legitimate minor child Eladia Monserrate Torres Rivera.

''On July 31, 1937, this office received a claim in the name of the minors called José Abraham Torres Rivera and Nelson Hermida alleging that they were children of the deceased workman and that they had been omitted from the declaration of dependents by this office.

''A corresponding invest'gation was ordered and the Manager concludes that it has not been proven in a satisfactory manner that said minors are related to their alleged father.

''In order not to prejudice the rights that the alleged beneficiaries may have, we leave our order of August 19 in force for forty additional days and suspend payment in the case.

''Notice should be taken by the Accounting Division of this Department.

"The beneficiaries should be notified and Eulalia Martínez, the herein claimant, warning them of their right to file an appeal to the Industrial Commission of Puerto Rico within the term of thirty days from the date of this decision."

Notice of the decision was served on October 8, 1937, and on the following November 5, an appeal was filed against the decision before the Industrial Commission by the minors Nelson Hermida and José Abraham Torres, assisted by their grandmother Eulalia Martínez and through their attorney Enrique Báez García.

On November 8, 1937, the Commission declared that it could not hear the appeal because the term fixed by its rules to file said appeal had elapsed. The appellants requested a reconsideration and the Commission decided to turn the case over to the Manager who reported:

"That in the present case a decision was rendered on June 17, 1937, declaring as beneficiaries of the deceased workman, his widow Juana Rivera Torres and his legitimate daughter, the minor Eladia Monserrate Torres Rivera, notice of which decision was served on the mother of the deceased workman, Eulalia Martínez on the 13th of said month.

"Eulalia Martínez did not appeal from the decision of the Manager in so far as it prejudiced her but asked us to reconsider the same alleging that in the declaration of beneficiaries the sons of the workman, the minors José Abraham Torres and Nelson Hermida had been left out.

"The case was reopened by the Manager and in considering the evidence presented, reached the conclusion that the relations between said minors and the alleged father had not been proven satisfactorily.

"The final decision of the case on reconsideration was not rendered until October 5 of this year and notice was served on the 8th of the same month to Eulalia Martínez.

"For these reasons, we have no objection to the admission of the appeal."

The Commission then assumed jurisdiction over the case and set a hearing so that the parties should have an oppor-

tunity to "allege whatever they may think proper and present whatever evidence they may desire to uphold the same."

The decision of the Commission, finally rendered on May 18, 1939, in its pertinent part, states the following:

"At the hearing, the beneficiaries declared such by the decision of the Manager of the State Insurance Fund, that is, the widow of the workman and the child had in the matrimony, appeared represented by the attorney Virgilio Brunet, who in reality raised as many questions of a technical character as occurred to him to oppose the claim that the aforesaid minors made. The minors appeared assisted by their grandmother as we have said and without attorney but as the attorney Atiles Moréu of the State Insurance Fund was present, he assumed their representation; in the second hearing that is, on November 15, they were defended by attorney Pedro Baigés Gómez. The first objection raised by the attorney of the beneficiaries declared by the State Insurance Fund was that, as the mother of these minors was living and as they appeared represented by their grandmother according to law, the Commission should not hear them, since their legal representation was a right of the mother. The Industrial Commission dismissed this objection based on the principle that by the Workmen's Compensation Act, the Industrial Commission was invested with *quasi tutelar* powers in regard to the injured workmen and their beneficiaries who appeared to claim the protection of Act No. 45 of April 18, 1935, and that once the Industrial Commission knew of the existence of a possible right in favor of a workman or his beneficiaries, the Commission assumed immediately its *quasi tutelar* mission and began to exercise it by taking under its protection whatever person or persons claimed said right. And this is so true that the Workmen's Compensation Act in force relieves them of having to appear represented by attorneys before the Industrial Commission indicating thereby that the legislator trusted the acknowledgment of any rights claimed to the care and protection of the Industrial Commission.

"The second question raised by the attorneys of the legitimate heirs of the deceased workman was that according to the provisions of Section 8 of Act No. 102, 1925, as more than a year had elapsed from the occurrence of the accident to the date on which the minors claimed their rights as beneficiaries before the Industrial Commission, their suit had prescribed. We will not decide at this moment whether or not that Act is in force today. We believe it is. But we

do not decide this because we consider it unnecessary to render a decision; the question involves minor children of about six or seven years of age and this being so according to the provisions of Section 40 of the Code of Civil Procedure, the time that such incapacity lasts will not be taken into account in calculating the time to file suit. See also the decision of the Supreme Court in the case of *Palou* v. *Aspurúa*, 27 P.R.R. 404. Therefore, the allegation of prescription invoked by the attorneys for the beneficiaries declared by the Manager of the State Insurance Fund against the alleged rights of the minors Nelson Hermida and José A. Torres is dismissed.

"From the evidence presented, we have no doubt that the children known as Nelson Hermida and José Abraham Torres are children of José A. Torres had by his concubine Rosa Hermida with whom he lived as husband and wife for a number of years during which time he was separated from his legitimate wife Juana Rivera. As we said, the Manager of the State Insurance Fund, by decision of June 7, 1937, awarded a compensation of $1,386.62, which amount he distributed equally between the widow Juana Rivera and the legitimate daughter had in the matrimony, to wit, Eladia Monserrate Torres Rivera. The Industrial Commission annuls that distribution, accepting the amount of the compensation but distributing it in this manner: for the widow Juana Rivera $346.66, for the legitimate daughter Eladia Monserrate Torres Rivera $346.65, for the minor Nelson Hermida $346.65 and for the minor José Abraham Torres $346.66."

This is the decision whose review is prayed for by the widow and the legitimate child of the deceased workman for the reasons which we have stated in summarizing the petition.

We have stated in a sufficiently ample manner the facts and circumstances of the case such as they appear from the record so that they may speak for themselves. In our opinion they show that taking into consideration the nature and purposes of the Act creating it, the Industrial Commission decided justly. It is the purpose of the statute that the compensation granted should substitute in so far as possible the protection given by the deceased workman to those who were dependent upon him. And the Commission tended to fulfill that purpose when it included in the distribution of

the compensation the adulterous children who were dependents of the deceased father.

We have studied Section 8 of Act No. 102 of 1925 and in our opinion its provisions are not a bar to the claim of the minors. It gives the right to ask for a compensation before the Workmen's Compensation Commission which then existed and provides "that if on the lapse of one year counting from the date of the accident, or death of the laborer, no application has been filed, the right of said laborer or his heirs shall prescribe."

Here the claim was presented on time by the widow and her legitimate daughter. The law was in effect complied with. A claim was made and the compensation awarded. And within the proceeding thus established, when the compensation had not as yet been paid, the minors appeared to ask for the part which according to the letter and spirit of the law belonged to them. Under these circumstances it may not be maintained that their right had prescribed by virtue of the said legal provision.

This being so, it is not necessary to discuss the other question raised, that is, whether the provisions in regard to filing suits, which appear in Section 40 of the Cole of Civil Procedure, are applicable to a proceeding of this nature.

The petition for review is denied.